Thomas Dodd Healy v. Commissioner.
Healy v. Commissioner
Docket No. 87202.
United States Tax Court
T.C. Memo 1963-12; 1963 Tax Ct. Memo LEXIS 331; 22 T.C.M. (CCH) 34; T.C.M. (RIA) 63012; January 14, 1963
William P. Rosenthal, Esq., 110 S. Dearborn St., Chicago, Ill., for the petitioner. Nelson E. Shafer, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: All of the facts material to the issues herein considered are stipulated and are incorporated herein by this *332 reference. Respondent determined a deficiency in income tax against petitioner in the amount of $44,805.86. Petitioner filed his individual income tax return for the year ended December 31, 1955, with the district director of internal revenue, Chicago, Illinois. Petitioner paid $40,218.75 to Corporate Finance and Loan Corporation on or about December 20, 1955. This payment purported to be a prepayment of interest and petitioner claimed an interest deduction therefor in computing his taxable income for the year 1955. Assignments of error asserted in the petition were as follows: 4. A. The dissallowance of interest expense in the amount of $40,218.75. 4. B. The inclusion in taxable income of the sum of $14,800 received pursuant to an agreement with one Irwin Harold Stickler. 4. C. The disallowance of entertainment expense in the amount of $735.54. A basis for settlement was subsequently reached on December 4, 1962, and a stipulation of issues disposing of assignments of error 4. B. and 4. C. was executed by the parties and has been duly filed with the court. Although petitioner presented no evidence in support of the claimed interest expense deduction referred to in *333 assignment of error 4. A., the issue remains before this Court for ultimate determination in order to preserve petitioner's rights, if any, under Sections 1311 to 1315, inclusive, of the Internal Revenue Code of 1954. Since petitioner has obviously failed to meet his burden of proof of error on the part of respondent with respect to disallowance of the claimed interest deduction, we must sustain respondent's disallowance. In view of other stipulated items referred to above, Decision will be entered under Rule 50.